UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSHUA LOPP,

                Plaintiff,                    Case No. 1:19-cv-540

v.                                      Honorable Paul L. Maloney

HEIDI WASHINGTON et al.,

                Defendants.

_____/

## OPINION

           This is a civil rights action brought by a state prisoner under 42 U.S.C. §§ 1981, 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and state law. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Washington, Finco, and Leach, as well as Plaintiff's claims under 42 U.S.C. § 1981 and state law.

**Discussion**

I.      Factual Allegations

Plaintiff Joshua Lopp is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Plaintiff sues MDOC Director Heidi Washington, Deputy Director Thomas Finco, Classification Director L. Heinritz, Special Activities Coordinator David Leach, and LCF Warden Noah Nagy. Plaintiff sues all defendants in both their personal and official capacities.

Plaintiff alleges that he is a member of the "Nation of Gods and Earth" (NOGE), also known as the "Five Percenters." (Compl., ECF No. 1, PageID.4.) As part of his affiliation with that group, he believes that he must refrain from eating meat or meat by-products.

In October 2017, Plaintiff asked to be placed on the "religious meal" plan available at LCF, but his request was denied. Plaintiff filed a grievance about the issue, but his grievance was denied. He asked to be placed on a meat-free diet again in 2018, but Defendants Nagy, Adamson, and Heinritz denied his request on December 3, 2018. Plaintiff filed another grievance about the issue, but that grievance was denied at all three steps of the grievance process.

Plaintiff alleges that Deputy Director Finco failed to direct his staff to follow prison policy pertaining to religious meals, and that Director Washington and Deputy Director Finco had the authority to correct the actions of MDOC staff but failed to do so.

Plaintiff claims that Defendants have, individually and in a conspiracy with one another, violated prison policy and deprived Plaintiff of his rights under the First Amendment and RLUIPA by preventing him from exercising his religious beliefs pertaining to his diet.

In addition, Plaintiff claims that Defendants have denied him equal protection under the Fourteenth Amendment and 42 U.S.C. § 1981 because they are treating him differently from prisoners who belong to other religious groups.

As relief, Plaintiff seeks a declaration that Defendants denied him his rights under the First Amendment, monetary damages, and an injunction requiring Defendants to allow him to eat from the meatless diet available at LCF.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III.    Insufficient Allegations:  Defendant Leach

Plaintiff does not mention Defendant Leach in the body of the complaint, and it is not clear why Plaintiff has named him as a Defendant.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Because the complaint is devoid of any allegations about Leach, let alone allegations that would suggest his involvement in the events at issue, Plaintiff fails to state a claim against him.

### IV.    42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Washington and Finco

Plaintiff alleges Defendants Washington and Finco had the authority to correct the actions of other officials, but they failed to do so. Apparently, Defendant Washington denied Plaintiff's grievances at Step III of the grievance process; however, Plaintiff does not allege that Defendant Washington or Finco participated in, or otherwise approved, the decision to refuse Plaintiff's request for vegetarian meals.

Plaintiff's allegations are not enough to state a claim against Washington and Finco. Government officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act

based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington and Finco engaged in any active unconstitutional behavior.

Plaintiff contends that Defendant Washington and Finco were involved in a conspiracy with the other defendants, but this assertion is wholly conclusory. *See Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). Accordingly, he fails to state a claim against Defendants Washington and Finco under § 1983.

### B. Defendants Nagy, Heinritz, and Adamson

The Court finds that Plaintiff states at least a First Amendment claim, and possibly an equal protection claim under the Fourteenth Amendment, against Defendants Nagy, Heinritz, and Adamson for refusing Plaintiff's requests for vegetarian meals.

### V.     42 U.S.C. § 1981

"Section 1981 'prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors.'" *Moniz v. Cox*, 512 F. App'x 495, 500 (6th Cir. 2013) (quoting *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)). "To state a claim under § 1981, a plaintiff must plead, among other things, that 'he belongs to an identifiable class of persons who are subject to discrimination based on their race' and that 'the defendant intended to discriminate against him on the basis of race.'" *Id.* (quoting *Amini*, 440 F.3d at 358).

Plaintiff does not allege that Defendants discriminated against him on the basis of race. Accordingly, Plaintiff does not state a claim under § 1981.

## VI. RLUIPA

RLUIPA, 42 U.S.C. § 2000cc-1(a), provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.*

The Court finds that Plaintiff states a claim under RLUIPA, but not against all of the defendants. RLUIPA does not create a cause of action against a government official in that official's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011);[1] *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . ."). Moreover, to the extent Plaintiff sues Defendants in their official capacities, RLUIPA does not permit a claim for damages, because that statute did not unequivocally waive state sovereign immunity. *See Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011).

What RLUIPA allows is prospective injunctive relief against individuals in their official capacities. Plaintiff does not allege that Defendants Washington or Finco denied him access to religious meals. Thus, they are not the ones against whom an injunction would be directed. Accordingly, Plaintiff does not state a viable claim under RLUIPA against Defendants

---

[1] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

Washington and Finco. However, the Court finds that Plaintiff states a possible RLUIPA claim against Defendants Nagy, Heinritz, and Adamson in their official capacities.

### VII. State Law

Plaintiff claims that Defendants violated Mich. Comp. Laws § 19.142. According to Plaintiff, this statute "prohibit[s] Defendants from . . . harassment and discriminat[ory] practice with respect to [the religious meal]." (*See* Compl., PageID.3.) In fact, the statute makes it a misdemeanor for an individual to "annoy, harass, assault, or disturb an inmate or person cared for or under control of the board or department having jurisdiction." Mich. Comp. Laws § 19.142(1)(e). The statute also provides for the appointment of an "authorized person" to bring a complaint before a court for prosecution, Mich. Comp. Laws § 19.144, and authorizes only the prosecuting attorney for the county in which the offense occurs to prosecute violators of the act. Mich. Comp. Laws § 19.145.

Defendants' alleged violation of a state criminal statute does not give rise to a claim under § 1983, which can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Moreover, Plaintiff lacks both standing and legal authority to enforce Mich. Comp. Laws § 19.142. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions). No private right of

action exists under Mich. Comp. Laws § 19.142. *Banks v. Torrey*, No. 1:18-cv-538, 2018 WL 2714947, at \*5 (W.D. Mich. June 6, 2018). Plaintiff's state-law claim therefore will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Leach, Washington, and Finco, as well as Plaintiff's claims under 42 U.S.C. § 1981 and Mich. Comp. Laws § 19.142, will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendants Nagy, Adamson, and Heinritz, under RLUIPA and 42 U.S.C. § 1983, remain in the case.

An order consistent with this opinion will be entered.


Dated:   September 3, 2019                    /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge