UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LOPP, #654488,

       Plaintiff,                                   Hon. Paul L. Maloney

v.                                                          Case No. 1:19-cv-540

HEIDI WASHINGTON, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

**BACKGROUND**

Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) employees: (1) Director Heidi Washington; (2) Deputy Director Thomas Finco; (3) Classification Director Laura Heinritz; (4) Special Activities Coordinators David Leach and Steven Adamson; and (5) Warden Noah Nagy. (ECF No. 1). In his complaint, Plaintiff alleges the following.

Plaintiff is "a sincere member of the Nation of Gods and Earth [NOGE], or the Five Percenters." Adherence to his faith requires Plaintiff to consume a diet devoid of meat or meat by-products. In October 2017, Plaintiff sought approval to participate in

-1-

the MDOC's meatless "religious meal." Plaintiff's request was denied. Plaintiff resubmitted his request the following year, but it was again denied by Defendants Nagy, Adamson, and Heinritz.

Plaintiff alleges that Defendants, having conspired to deny his request for a meatless diet, have violated his rights in numerous ways. At this juncture, the only claims remaining in this matter are First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims against Defendants Nagy, Adamson, and Heinritz. (ECF No. 6-7). Defendants Nagy, Adamson, and Heinritz now move for summary judgment. Plaintiff has responded to Defendants' motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

A. Defendant Heinritz

Plaintiff alleges that, on December 3, 2018, Defendant Heinritz, along with Defendants Nagy and Adamson, denied his request to receive meatless "religious meals." Defendant Heinritz moves for summary judgment on the ground that Plaintiff "cannot establish that [she] was personally involved in any unconstitutional conduct." In support of her motion, Defendant has submitted a purported affidavit. But, because this document has not been properly executed, it has been disregarded.[1]

As Defendant correctly argues, Plaintiff cannot maintain his First Amendment claim against her unless he can demonstrate that she played an active role in the conduct which allegedly violated his rights. *See Griffith v. Franklin County, Kentucky*, 975 F.3d 554, 579 (6th Cir. 2020). The same analysis applies to Plaintiff's RLUIPA claim. *See Jacobs v. Strickland*, 2009 WL 2940069 at *2 (S.D. Ohio, Sept. 9, 2009).

Despite having had the opportunity to conduct discovery, Plaintiff has failed to present or identify any such evidence. Rather, Plaintiff argues that Defendant's liability is established by the fact she was provided copies of memoranda informing her that other prison officials had denied Plaintiff's request for a special menu accommodation. (ECF No. 27, PageID.213-15, 220-23). Mere after-the-fact knowledge by Defendant of the decision giving rise to Plaintiff's claims is an insufficient basis to

---

[1] The purported affidavit in question is not signed by Heinritz, but instead just displays her name in a signature-like printer font. (ECF No. 26-6, PageID.176).

maintain the remaining claims against Defendant Heinritz. Accordingly, the undersigned recommends that Defendant Heinritz's motion for summary judgment be granted.

B. Defendants Nagy and Adamson

Defendants Nagy and Adamson argue they are entitled to relief because Plaintiff failed to properly exhaust his administrative remedies. The Court only partially agrees.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. The now current version of this Policy, which took effect on March 18, 2019, superseded the prior version which had been in effect since July 9, 2007. (MDOC Policy Directive 03.02.130 (Mar. 18, 2019)). With respect to his remaining claims against Defendants Nagy and Adamson, Plaintiff pursued grievances governed by both versions of this policy.

Both versions of this Policy require that a prisoner, prior to submitting a grievance, attempt to resolve the issue with staff, unless prevented by circumstances beyond his control or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ P (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter with staff within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ V (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ R (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  MDOC Policy Directive 03.02.130 ¶ BB (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  MDOC Policy Directive 03.02.130 ¶ FF (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Defendants have submitted evidence that Plaintiff pursued two grievances regarding the denials of his request for a special menu accommodation: (1) LCF 17-12-1069-20e and (2) LCF 19-03-0027-27b.  Plaintiff does not dispute that these are the only two grievances he pursued regarding his remaining claims against Defendants Nagy and Adamson.

Plaintiff submitted Grievance LCF 17-12-1069-20e on December 8, 2017, alleging that his request for a special menu accommodation had been improperly denied.  (ECF No. 26 at PageID.152-56).  This grievance, however, was not asserted against, and did not identify, Defendants Nagy or Adamson.  Accordingly, this grievance cannot serve to exhaust any claims against Nagy or Adamson.

Plaintiff submitted Grievance LCF 19-03-0027-27b on March 18, 2019, alleging that Defendants Nagy and Adamson improperly denied his request for a special menu accommodation.  (ECF No. 26-4, PageID.148-51).  While not clear from the grievance,

Plaintiff asserts in his complaint that this grievance concerned the denial, on December 3, 2018, of his request for a special menu accommodation. (ECF No. 1, PageID.5). Defendants likewise concede that this grievance concerns this decision. (ECF No. 26, PageID.119).

Plaintiff's Step I grievance was rejected on the ground that Plaintiff was attempting to grieve a "non-grievable" issue. (ECF No. 26-4, PageID.151). In light of such, Plaintiff's attempts at exhaustion were complete as he is not required to utilize the MDOC grievance process with respect to issues deemed non-grievable. *See, e.g., Elliot v. Snyder*, 2019 WL 2146923 at *1-2 (W.D. Mich., Apr. 23, 2019) ("it is well-established that a prisoner cannot be required to exhaust administrative remedies regarding non-grievable issues"). Accordingly, as to the claims that Defendants Nagy and Adamson improperly denied, on December 3, 2018, Plaintiff's request for a special menu accommodation, Defendants have failed to satisfy their burden to relief on exhaustion grounds. The undersigned recommends, therefore, that Defendants' motion for summary judgment be granted in part and denied in part.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 25) be granted in part and denied in part. Specifically, the undersigned recommends that: (1) Plaintiff's remaining claims against Defendant Heinritz be dismissed; (2) Plaintiff's remaining claims against Defendants Nagy and Adamson concerning the 2017 denial of Plaintiff's request for a special menu

accommodation be dismissed; and (3) Plaintiff's remaining claims against Defendants Nagy and Adamson concerning the December 3, 2018 denial of Plaintiff's request for a special menu accommodation go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 2, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge