UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSHUA LOPP #654488,

    Plaintiff,

v

HEIDI WASHINGTON, THOMAS FINCO, NOAH NAGY, LAURA HEINRITZ, STEVEN ADAMSON and DAVID LEACH,

    Defendants.

NO. 1:19-cv-540

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

_____

Joshua Lopp #654488
*In Pro Per*
Lakeland Correctional Facility
141 First Street
Coldwater, MI  49036

Joseph Y. Ho (P77390)
Assistant Attorney General
Attorney for MDOC Defendants
  Nagy, Heinritz & Adamson
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
hoj@michigan.gov
_____/

**MDOC DEFENDANTS' OBJECTIONS TO
(ECF No. 32) REPORT & RECOMMENDATION**

    MDOC Defendants Nagy, Heinritz, and Adamson, through counsel, object to the Magistrate Judge's June 2, 2021, Report and Recommendation (R&R) (ECF No. 32), on their motion for summary judgment, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR. 72.3(b):

**Objection No. 1: The magistrate judge erred in concluding that Lopp's attempts to exhaust were complete, because after MDOC rejected his grievance and directed him to direct his issue to the Warden's Forum, Lopp did not do so.**

    MDOC Defendants object to the R&R's recommendation that Lopp's attempts to exhaust were "complete" and that the Court deny their motion for summary

judgment (ECF No. 23, PageID.250), because Lopp failed to exhaust his claims by bringing his issue to the Warden's Forum.  Although a prisoner cannot be required to exhaust administrative remedies regarding non-grievable issues *through the grievance process*, a prisoner is nevertheless required to exhaust administrative remedies on those issues where other remedies are available.  *See, e.g.*, *Siggers v. Campbell*, 642 F.3d 681, 693–94 (6th Cir. 2011) (holding that, to exhaust retaliatory misconduct ticket claims, a prisoner needed to raise the retaliation claim during the misconduct ticket hearing and then raise the issue in seeking appeal or rehearing); *Berryman v. Haas*, No. 19-1484, 2020 WL 6325553, at *2 (6th Cir. May 11, 2020) (recognizing that the Warden's Forum is the appropriate process to challenge non-grievable prison policy or procedure; attached as Ex. 1).  In other words, the exhaustion question does not end when an issue was deemed non-grievable at Step I, but the Court must examine whether another forum to exhaust the issue is available to the prisoner and whether the prisoner participated in that forum.

Here, the grievance relevant to this discussion is LCF-19-03-0027-27b, which was rejected at Step I as containing a non-grievable issue; in the rejection, the grievance coordinator instructed Lopp to present the issue to the Warden's Forum.  (ECF No. 26-4, PageID.148–151.)  The LCF administrative assistant submitted an affidavit which includes the Warden's Forum Meeting Minutes for the months between when Lopp received his Step I rejection for LCF-19-03-0027-27b and when he filed this complaint—during this period of time, Lopp was the Warden's Forum block rep and attended all the Warden's Forum meetings, but he did not raise the issue asserted in his complaint during any of the meetings.  (ECF No. 26-5,

2

PageID.158–172.)  Lopp therefore failed to present the issues raised in his complaint in the correct forum, and the Court should conclude that Lopp failed to exhaust his claims against MDOC Defendants Nagy and Adamson.

### CONCLUSION AND RELIEF REQUESTED

For the reasons explained above, MDOC Defendants Nagy, Heinritz, and Adamson respectfully request that the Court reject the June 2, 2021, Report and Recommendation insofar as it recommends the Court deny Nagy and Adamson's motion for summary judgment on the basis of exhaustion.  The Court should find that Lopp failed to exhaust his administrative remedies against Nagy and Adamson, grant their motion in its entirety, and dismiss this lawsuit.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ Joseph Y. Ho
Joseph Y. Ho
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
HoJ@michigan.gov
P77390

Dated: June 16, 2021

### CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on June 16, 2021, I electronically filed the *foregoing document(s)* together with this *Certificate of Service* with the Clerk of the Court, which will provide electronic copies to counsel of record and on June 16, 2021 a hard copy of same was placed in First-Class Mail, postage paid, plainly addressed as follows:

Joshua Lopp #654488
*In Pro Per*

Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

                                                */s/ Joseph Y. Ho*
                                                Joseph Y. Ho (P77390)
                                                Assistant Attorney General
                                                Attorney for MDOC Defendants
                                                Michigan Dept. of Attorney General
                                                MDOC Division