UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Joshua Lopp, #654488,  Plaintiff, | ) ) ) |
| -v- | ) No. 1:19-cv-540 ) ) Honorable Paul L. Maloney |
| Heidi Washington, et al.,  Defendants. | ) ) ) ) |

## ORDER

This is a prisoner civil rights action brought by state prisoner Joshua Lopp pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Defendants' objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Philip J. Green (R&R ECF No. 32; Objection ECF No. 34). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Defendants argue that Magistrate Judge Green erred in concluding that Lopp's claims were properly exhausted. The Court disagrees.

On March 18, 2019, Lopp submitted the relevant grievance, alleging that Defendants improperly denied his request for a special menu accommodation. The grievance was rejected at Step I on the ground that Lopp was attempting to grieve a "non-grievable" issue. In the rejection, Lopp was encouraged to present the issue to the Warden's Forum. Because he did not do so, Defendants argue that Lopp did not exhaust the available administrative remedies. Defendants rely on *Berryman v. Haas*, No. 19-1484, 2020 WL 6325553 (6th Cir. May 11, 2020). In *Berryman*, the Sixth Circuit recognized that the Warden's Forum is the proper avenue to challenge a prison policy or procedure, but the Court also recognized that where a prison policy or procedure is "not the focus of [a plaintiff's] suit," the Warden's Forum is not the proper venue for exhaustion. *Id.* at *2; *see also Palmer v. Elrod*, No. 16-13665, 2017 WL 9472756, at *2 (E.D. Mich. Aug. 9, 2017) (rejecting a prisoner's argument that pursuing individual claims through the Warden's Forum properly exhausts his claims).

In short: The Warden's Forum may be a venue to properly exhaust claims that challenge a prison policy or procedure as a whole, but the Warden's Forum is not an appropriate place to argue that a specific prisoner's constitutional rights were violated.

In the instant case, Lopp argues that his constitutional rights were violated, and he seeks damages for these violations. Lopp does not challenge a prison policy or procedure, nor does he ask the Court to invalidate any prison policy or procedure. Thus, the Warden's Forum was not the proper venue to present his claims; the grievance process was. Lopp filed a grievance which was rejected as "non-grievable." As Magistrate Judge Green noted, "it is well-established that a prisoner cannot be required to exhaust administrative remedies regarding non-grievable issues." *Elliot v. Snyder*, No. 2:18-cv-85, 2019 WL 2146923, at *1-2 (W.D. Mich. Apr. 23, 2019). Accordingly, Lopp did exhaust his administrative remedies, and Defendants' argument to the contrary will be overruled.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the June 2, 2021 R&R (ECF No. 32) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' objection (ECF No. 34) is **OVERRULED**.

**IT IS SO ORDERED.**

Date:  July 19, 2021                                               /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   United States District Judge