UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LOPP, #654488,

        Plaintiff,

v.

HEIDI WASHINGTON, et al.,

        Defendants.

Hon. Jane M. Beckering

Case No. 1:19-cv-540

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 44).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part. and that this action terminated.

## BACKGROUND

Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) employees: (1) Director Heidi Washington; (2) Deputy Director Thomas Finco; (3) Classification Director Laura Heinritz; (4) Special Activities Coordinators David Leach and Steven Adamson; and (5) Warden Noah Nagy.  (ECF No. 1).   In his complaint, Plaintiff alleges the following.

-1-

Plaintiff is "a sincere member of the Nation of Gods and Earth [NOGE], or the Five Percenters."   Adherence to his faith requires Plaintiff to consume a "meatless diet."   In October 2017, Plaintiff sought approval to participate in the MDOC's vegan "religious meal."   Plaintiff's request was denied.   Plaintiff re-submitted his request the following year, but was again denied by Defendants Nagy, Adamson, and Heinritz.

Plaintiff alleges that Defendants, having conspired to deny his request for a meatless diet, have violated his rights in numerous ways.   The only claims remaining in this matter, asserted against Defendants Nagy and Adamson, arise from the December 3, 2018, denial of Plaintiff's request to receive vegan meals.   (ECF No. 6-7, 32, 35).   Plaintiff alleges that this denial violates his rights under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants Nagy and Adamson now move for summary judgment.   Plaintiff has responded to Defendants' motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## **ANALYSIS**

### I.   **Statute of Limitations**

Defendants first argue that Plaintiff's remaining claims were untimely filed and, therefore, must be dismissed for violating the relevant statute of limitations.   The statute of limitations is three years for Plaintiff's First Amendment claims.   *See Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009); Mich. Comp. Laws § 600.5805.   The statute of limitations is four years for Plaintiff's RLUIPA claims.   *See Adam v. Community Center of Troy*, 381 F.Supp.3d 887, 900 (E.D. Mich. 2019).   The statutes of limitations began to run when Plaintiff "knew or should have known of the injury which forms the basis of their claims."   *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001).

Plaintiff alleged that he first requested vegan meals in 2017.   Defendant offers no evidence to the contrary.   Plaintiff initiated this action less than three years later. The Court fails to discern how Plaintiff's claims could possibly be considered untimely. In support of their motion, Defendants merely argue that because Plaintiff had been

incarcerated and a member of NOGE for more than ten years, his remaining claims must be untimely.   This argument is rejected.   The undersigned recommends, therefore, that this aspect of Defendants' motion for summary judgment be denied.

## II.    Defendant Nagy

Plaintiff alleges that Defendants violated his First Amendment rights by denying his request to receive vegan meals.   Defendant Nagy asserts in an affidavit that he had no role in evaluating or deciding Plaintiff's request for vegan meals.   (ECF No. 45, PageID.360-63).   Plaintiff has presented no evidence to the contrary.   Accordingly, the undersigned recommends that Defendant Nagy is entitled to summary judgment as to Plaintiff's remaining claims.

## III.    Qualified Immunity

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation.   *See Davis v. Scherer*, 468 U.S. 183, 195 (1984).   When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.   *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).   Defendants argue that qualified immunity protects them from suit in this matter.

To find that a right is clearly established, the Court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005). This does not require the plaintiff to identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Where a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff "to demonstrate both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In the context of a motion for summary judgment, the plaintiff must establish that: (1) the defendant's conduct violated his rights, and (2) such rights were clearly established when the defendant acted. *See Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013).

Plaintiff alleges that the decision to deny him participation in the vegan diet violated his rights under the First Amendment and RLUIPA. These provisions, however, only protect the exercise of *religious* beliefs. Defendant Adamson asserts that the MDOC does not recognize NGOE as a religion because it is merely "a way of life that practices racial supremacy." (ECF No. 45, PageID.357). In his own affidavit, Plaintiff does not call NGOE a religion, but instead refers to it as a "culture." (ECF No. 52, PageID.419). This is not merely an exercise in semantics, however, as NGOE has been

-6-

recognized by other state correctional systems as a violent culture or gang rather than a religion. *See, e.g., Rogers v. Stanback*, 2013 WL 6729864 at *1 (M.D.N.C., Dec. 19, 2013); *Haynes v. Yancy*, 2015 WL 5913174 at *2 (E.D. Tex., Sept. 22, 2015) (acknowledging authority that NGOE was considered a "radical Islamic sect/criminal group" that is "often boldly racist in its views, prolific in its criminal activities, and operates behind a façade of cultural and religious rhetoric"). Likewise, the MDOC previously considered NGOE a Security Threat Group. (ECF No. 52, PageID.418).

Defendant Adamson denied Plaintiff's request, at least in part, on the conclusion that NGOE was not a religion. For purposes of qualified immunity, the Court need not resolve the question whether Adamson's conclusion is accurate. Instead, the relevant question is whether it was clearly established, as of December 3, 2018, that NGOE was entitled to protection as a religion. Plaintiff has failed to identify authority that such was the case. The Court has likewise discovered no such authority. There does, however, exist authority granting qualified immunity, as to similar claims, on the ground that there does not exist clearly established authority that NGOE is properly characterized as a religion. *See, e.g., Allah v. DePaolo*, 2019 WL 1367608 at *7 (S.D.N.Y., Mar. 26, 2019) *vacated in part on reconsideration*, 2019 WL 1649021 (S.D.N.Y., Apr. 4, 2019); *see also, Young v. McKee*, 2019 WL 5273963 at *8 (W.D. Mich., July 16, 2019) (defendants entitled to qualified immunity as to First Amendment and RLUIPA claims because there did not exist clearly established authority that the plaintiff's belief system was entitled to protection as a religion). Accordingly, the

undersigned recommends that Defendants Nagy and Adamson are entitled to qualified immunity as to Plaintiff's remaining claims.

## IV.   First Amendment

Plaintiff alleges that Defendants violated his First Amendment rights by denying his request to receive vegan meals.   As the Supreme Court has observed, "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."   *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also, Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution").   Thus, while "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates nevertheless retain the First Amendment protection to freely exercise their religion.   *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987).

To demonstrate that his right to freely practice his religion has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon his practice or belief.   *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (same).

To establish that denying him participation in the vegan diet violated his First Amendment rights, Plaintiff must demonstrate that such imposed a "substantial burden on the observation of a central religious belief or practice."   *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).   The substantial burden is "high" and "is a difficult threshold to

cross." *Townsend v. Ouellette*, 2018 WL 286427 at *8 (W.D. Mich., Jan. 4, 2018) (citation omitted).   Government action which imposes an "inconvenience" or makes "religious exercise more expensive or difficult" is not considered a "substantial burden." *Ibid.* (citation omitted).

In his affidavit, Defendant Adamson asserts the following.   (ECF No. 45, PageID.355-58).   Because of the additional cost associated with providing vegan meals, such requests are approved only if a vegan meal "was necessary to the practice of the prisoner's designated religion."   Adamson interviewed Plaintiff regarding his request to receive vegan meals.   Based on Plaintiff's responses, Adamson determined that Plaintiff's "needs could be met by self-selecting the non-meat entrée already available,[1] and then supplementing with his own store purchases."

In response, Plaintiff has submitted an affidavit in which he asserts that "the eating of a meatless diet not mixed with diluted, or tampered with is an activity practiced in my God Centered Culture."   (ECF No. 52, PageID.418).   Plaintiff has failed to present evidence that his beliefs mandate a *vegan* diet or that the MDOC's meat-free menu options violate his religious beliefs.   Simply put, Plaintiff asserts in his affidavit that he requires a "meatless diet," which the MDOC offers as a matter of course.   Thus, even if the Court assumes that Plaintiff's beliefs are entitled to protection as a religion,

---

[1] Pursuant to MDOC policy, non-meat entrees are available as part of regular meal offerings.   Mich. Dep't of Corr. Policy Directive 05.03.150 ¶ NN (eff. Oct. 15, 2018). Also, prisoners are expressly permitted to "abstain from any foods that violate their religious tenets."   *Id.*

Plaintiff has failed to present evidence that the denial of his request for a vegan diet constitutes a substantial burden to the exercise of his religious beliefs.   Accordingly, the undersigned recommends that Defendants' motion be granted as to Plaintiff's First Amendment claims.

## V.   RLUIPA

RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest.   42 U.S.C. § 2000cc-1(a). RLUIPA does not define the phrase "substantial burden."   Nonetheless, to come within the scope of RLUIPA the burden in question must place "substantial pressure on an adherent to modify his behavior and to violate his beliefs."   *Townsend*, 2018 WL 286427 at *9 (citations omitted); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise).   Likewise, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise." *Townsend*, 2018 WL 286427 at *9 (citations omitted).

Accordingly, even if the Court assumes that Plaintiff's beliefs are entitled to protection as a religion, for the same reasons discussed above, the Court finds that Defendants' actions did not impose a substantial burden on Plaintiff's ability to practice his religion.   The undersigned, therefore, recommends that Defendants are entitled to summary judgment as to Plaintiff's RLUIPA claims.

-10-

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 44) be granted in part and denied in part and this action terminated.   Specifically, the undersigned recommends that Defendants' statute of limitations argument be rejected, but that Defendants' motion otherwise be granted for the reasons articulated above.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 10, 2022                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge

-11-