UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LOPP,

    Plaintiff,

v.

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

Case No. 1:19-cv-540

HON. JANE M. BECKERING

**<u>OPINION AND ORDER</u>**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 against several Defendants. The only claims remaining in this matter are asserted against Defendants Steven E. Adamson and Noah Nagy. Plaintiff alleges that Defendants violated his religious rights—as a member of the Nation of Gods and Earth (NOGE), or the Five Percenters—under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by denying his request for a vegan meal (R&R, ECF No. 56 at PageID.433; *see* ECF Nos. 6-7, 32, 35). Defendants Adamson and Nagy moved for summary judgment in December 2021. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court grant in part and deny in part Defendants' motion and terminate this matter. This action is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants filed a response. Plaintiff also filed an "Addendum" to his objection, albeit without leave of court.[1] In accordance with 28 U.S.C. § 636(b)(1) and FED.

---

[1] Plaintiff "invokes" FED. R. CIV. P 72(b)(2) and asserts that "there is nothing written [in the Rule] prohibiting him from submitting" his Addendum (ECF No. 60 at PageID.464). Rule 72(b)(2) allows only for an objection to the Report and Recommendation and a response in the corresponding time allotted for each (14 days). The rule does not

R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons that follow, this Court denies Plaintiff's objections and issues this Opinion and Order.

First, the Magistrate Judge determined that Plaintiff's First Amendment and RLUIPA claims were timely filed, and thus recommends denying Defendants' motion for summary judgment on the statute-of-limitations arguments asserted (R&R, ECF No. 56 at PageID.435–436). No party objected to this portion of the Magistrate Judge's Report and Recommendation. In addition, the Magistrate Judge recommends that: Defendant Nagy be granted summary judgment as to Plaintiff's remaining claims (*id.* at PageID.436); Defendants Nagy and Adamson be granted qualified immunity as to Plaintiff's remaining claims (*id.* at PageID.436–439); and that Defendants' motion for summary judgment be granted as to Plaintiff's First Amendment (*id.* at PageID.439–441) and RLUIPA claims (*id.* at PageID.441). Plaintiff poses four objections, specifically arguing that: Defendant Nagy should not be granted summary judgment, as he was "personally involved" in the denial of Plaintiff's request (Pl. Obj., ECF No. 57 at PageID.445; Pl. Addendum (Add.), ECF No. 60 at PageID.464–465); the Magistrate Judge erred in recommending qualified immunity because the NOGE is "considered a religion for purposes of the RLUIPA" (Pl. Obj., ECF No. 57 at PageID.445–446; Pl. Add., ECF No. 60 at PageID.465–466); and that the Magistrate Judge erred in determining that the denial of Plaintiff's meal request was not a "substantial burden on his belief or practice" as to both Plaintiff's First Amendment and RLUIPA claims (Pl. Obj., ECF No. 57 at PageID.446–447; Pl. Add., ECF No. 60 at PageID.466–469).[2]

---

allow for a reply or "addendum," and any reply is required to be filed with leave of court under Local Civil Rule 7.3. *See* W.D. Mich. LCivR 7.3. The Court nonetheless considers Plaintiff's Addendum in its resolution of this matter.

[2] As a threshold matter, Plaintiff also argues that the Magistrate Judge "failed to apply the 'genuine issue of material fact'" standard to the instant case in his analysis of Defendants' motion for summary judgment (Pl. Obj., ECF No. 57 at PageID.445). This Court's review of the record reveals that the Magistrate Judge properly applied the standard relevant to summary judgment motions and RLUIPA. Plaintiff's argument fails to demonstrate any legal error in the Magistrate Judge's analysis or conclusion.

I.     **Statute of Limitations**

First, the Magistrate Judge found that Plaintiff "first requested vegan meals in 2017," and that Defendants failed to provide any evidence to the contrary (R&R, ECF No. 56 at PageID.435). The Magistrate Judge determined that "Plaintiff initiated this action less than three years later" and thus, Plaintiff's claims could not be untimely under the applicable statutes of limitations (*id.*). No party objected to this portion of the Magistrate Judge's Report and Recommendation. Accordingly, it is adopted as the Opinion of this Court and Defendants' motion for summary judgment is denied in part.

II.    **Defendant Nagy**

Next, the Magistrate Judge found that Plaintiff did not present any evidence in response to Defendant Nagy's affidavit stating that he had "no role in evaluating or deciding Plaintiff's request for vegan meals," and thus Defendant Nagy is entitled to summary judgment as to Plaintiff's First Amendment and RLUIPA claims (*id.* at PageID.436). In Plaintiff's objection and addendum, Plaintiff argues that the Magistrate Judge erred because Defendant Nagy's "authority" as Warden, under applicable operational procedures and policy directives at the Michigan Department of Corrections (MDOC), constitutes personal involvement (Pl. Obj., ECF No. 57 at PageID.445; Pl. Add., ECF No. 60 at PageID.465).

As Defendants more fully set forth in their response, Plaintiff makes only general objections and merely restates his arguments presented to the Magistrate Judge in his response to Defendants' motion for summary judgment (Def. Resp., ECF No. 59 at PageID.455–457; Pl. Obj., ECF No. 57 at PageID.445; *see* ECF No. 51 at PageID.408–409). Plaintiff's objections do not provide or reference any factual information regarding Defendant Nagy's actual involvement in

3

the evaluation and denial of Plaintiff's request sufficient to create a genuine issue of material fact for trial (Pl. Obj., ECF No. 57 at PageID.445).

Plaintiff also erroneously relies on non-binding case law to argue for the first time that Defendant Nagy was personally involved because he "answered and denied the grievance at the step two level" consistent with the relevant policy directive (Pl. Add., ECF No. 60 at PageID.465). Because Plaintiff did not previously raise this issue, his "objection" is deemed waived. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Even if his objection was not deemed waived, Plaintiff's objection lacks merit, as Defendant Nagy's affidavit states that he "upheld the rejection" of Plaintiff's Step II grievance, and that "a grievance about being denied a vegan meal cannot be resolved at the facility level" for lack of authority (ECF No. 45-6 at PageID.361–362). Under the cases cited by Plaintiff in his addendum and relevant case law from the Sixth Circuit, such action is not sufficient to show personal involvement. *See Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("where a grievance alleges an 'ongoing' constitutional violation, the supervisory official who reviews the grievance is 'personally involved' if he is confronted with a situation that he can remedy directly"); *see also, e.g. Herndon v. Heyns*, 702 F. App'x 325, 328 (6th Cir. 2017); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (the denial of an administrative grievance is not equivalent to direct participation or encouragement). As such, Plaintiff's objection and addendum fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

### III. Qualified Immunity

Neither do Plaintiff's objections to the Magistrate Judge's qualified immunity analysis reveal any error. The Magistrate Judge found that Plaintiff failed to provide, and the Court did not locate, any authority that "it was clearly established, as of December 3, 2018, that [NOGE] was

entitled to protection as a religion" (R&R, ECF No. 56 at PageID.438). Instead, the Magistrate Judge determined that there existed significant authority granting qualified immunity as to similar claims, on the ground that such clearly established authority does not exist (*id.*). Plaintiff objects, stating that the Magistrate Judge failed to consider rulings that the NOGE is considered a religion for purposes of RLUIPA, primarily citing *Hardaway v. Haggerty*, No. 05-70362, 2011 WL 761494, at ** 8–9 (E.D. Mich Feb. 25, 2011) (Pl. Obj., ECF No. 57 at PageID.445, 447; Pl. Add., ECF No. 60 at PageID.466).

As set forth in Defendants' response, Plaintiff did not provide *Hardaway* nor *Heid v. Mohr*, No. 2:18-cv-311, 2019 WL 1024947, at *5 (S.D. Ohio Mar. 4, 2019), for consideration by the Magistrate Judge in response to Defendants' motion for summary judgment (Def. Resp., ECF No. 59 at PageID.458, citing ECF No. 54, PageID.411–413), and neither district court decision evidences a "clearly established right" sufficient to reveal any error in the Magistrate Judge's conclusion (*id.*, citing R&R, ECF No. 56 at PageID.437 ("The report and recommendation properly found that binding precedence must come from the Supreme Court or the Court of Appeals"); *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *5 (6th Cir. May 5, 2010) (upholding ruling that MDOC's designation of the NOGE as a security threat group and banning one of the group publications was "constitutionally permissible")). Therefore, the Magistrate Judge properly determined that Plaintiff did not meet his burden to identify "existing precedent [that] place[s] the statutory or constitutional question beyond debate" (R&R, ECF No. 56 at PageID.437–438) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014)). Plaintiff fails to demonstrate that a result different from the Magistrate Judge's recommendation is warranted.

## IV. First Amendment

Again, relying on *Hardaway*, Plaintiff argues that the Magistrate Judge erred by "simply ignoring other rulings from the Judiciary regarding the NOGE and the dietary needs for a complete practice of the God Centered Culture[,]" such as a meatless or vegan diet, which is the basis of Plaintiff's claims (Pl. Obj., ECF No. 57 at PageID.447). As discussed above, the cases presented by Plaintiff were not properly before the Magistrate Judge for consideration in his analysis of the motion for summary judgment, and otherwise fail to demonstrate any legal error in the Magistrate Judge's conclusion (R&R, ECF No. 56 at PageID.439-440). Specifically, the Magistrate Judge concluded that Plaintiff did not present evidence that his beliefs mandated a vegan diet, "or that the MDOC's meat-free options violate his religious beliefs" (R&R, ECF No. 56 at PageID.441). Plaintiff asserts that the facts in his Complaint and his response to Defendants' motion for summary judgment meet this "high threshold" of showing a substantial burden (Pl. Add., ECF No. 60 at PageID.466–467). However, Plaintiff predominantly restates facts discussing his issues with the quality of food available for purchase from the inmate store (*see* Pl. Add., ECF No. 60 at PageID.467)—and fails to show any evidence that was not considered by the Magistrate Judge, that Plaintiff's beliefs "mandate a vegan diet," or that the meat-free option available at the MDOC somehow violates Plaintiff's religious beliefs (R&R, ECF No. 56 at PageID.441). Thus, Plaintiff's objections do not reveal any error in the Magistrate Judge's analysis of Plaintiff's claim under the First Amendment, and Plaintiff's objection is properly denied.

In addition, Plaintiff's substantive reliance on *Hardaway* is misplaced. The Magistrate Judge considered and determined that Plaintiff failed to show that the denial of Plaintiff's meal request constituted a "substantial burden on the observation of a central religious belief or practice"

(R&R, ECF No. 56 at PageID.439, 440–441).[3] As summarized in *Carter v. Heyns*, No. 1:16-cv-1279, 2017 U.S. Dist. LEXIS 156528, at *2-3 (W.D. Mich. July 5, 2017),[4] the Magistrate Judge in the present case also did not address the sincerity of Plaintiff's beliefs in the NOGE, or whether a particular belief or practice was central to his religion. Rather, the Magistrate Judge assumed Plaintiff's beliefs to be true, and concluded that, nonetheless, Plaintiff failed to present evidence of a substantial burden on such beliefs (R&R, ECF No. 56 at PageID.440–441). Therefore, Plaintiff's argument fails to demonstrate any legal error in the Magistrate Judge's analysis or conclusion.

## V.     RLUIPA

Finally, as to Plaintiff's RLUIPA claims, the Magistrate Judge came to the same conclusion: even assuming Plaintiff's beliefs in the NOGE were entitled to protection, "Defendants' actions did not impose a substantial burden on Plaintiff's ability to practice his religion" (R&R, ECF No. 56 at PageID.441). Plaintiff objects on identical grounds that the Magistrate Judge failed to consider that the NOGE is considered a religious group and entitled to protection under RLUIPA (Pl. Obj., ECF No. 57 at PageID.447). Plaintiff states only that, "[t]he record provides more than sufficient evidence to create a genuine issue of material fact as to whether Plaintiffs desire to eat a vegan diet is based upon or required by his current tenets" (Pl.

---

[3] The court in *Hardaway* acknowledged the NOGE as entitled to protection; but considered a different question. There, the court addressed and found that defendants failed to meet their burden under RLUIPA to show that the designation of the NOGE as a Security Threat Group (STG) was justified by the compelling governmental interest of prison security, and that a complete ban on NOGE members' possession of literature was the least restrictive means of advancing that interest. *Hardaway*, 2011 WL 761494, at * 8.

[4] "Courts appear reluctant to engage in the rigorous task of classifying NOGE for purposes of First Amendment and RLUIPA claims brought by prisoners. As one court observed, '[i]n dealing with Free Exercise or RLUIPA claims based the denial of the right to practice NOGE, several courts have dodged this complex threshold issue by *assuming without deciding* that NOGE is religious at the pleadings stage, at summary judgment and even at trial.'" *Carter*, 2017 U.S. Dist. LEXIS 156528, at *2-3 (quoting *Vangel v. Aul*, No. CA 15-43L, 2015 WL 5714850 at *6 (D. R.I. June 19, 2015), *report and recommendation adopted*, No. CA 15-43L, 2015 WL 5714855 (D. R.I. Sept. 29, 2015) (emphasis added)).

7

Add., ECF No. 60 at PageID.468). Plaintiff's objection improperly attempts to reiterate arguments that were previously rejected by the Magistrate Judge. As stated in Defendants' response, objections that merely restate arguments or merely disagree with the Magistrate Judge's determination of the case are considered general objections, and lack merit (Def. Resp., ECF No. 59 at PageID.460–461, citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)). Therefore, Plaintiff's objection is properly denied.

## CONCLUSION

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 57, 60) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 56) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Marshall's Motion for Summary Judgment (ECF No. 44) is GRANTED in part and DENIED in part; Specifically, Defendants' statute of limitations argument is rejected, but Defendants' motion is otherwise granted for the reasons stated in the Report and Recommendation and above.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  May 12, 2022                                        /s/ Jane M. Beckering
                                                            JANE M. BECKERING
                                                            United States District Judge